**COSTELLO & MAINS, P.C.**
By:	Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
 (856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| LIGAND SHI, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT NEW JERSEY |
| Plaintiff, | : | |
| | : | |
| | : | Civil Action |
| vs. | : | |
| | : | DOCKET NO. |
| | : | |
| ELEMANTAR AMERICAS, INC., | : | **Electronically Filed** |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff Ligand Shi ("Plaintiff"), by way of complaint against the defendant, says:

### Preliminary Statement

1.	This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

### Jurisdiction and Venue

2.	Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3.	Because plaintiff and defendant are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

**Identification of Parties**

1. Plaintiff Ligand Shi resides at 5026 Peabody Avenue, Pennsauken, NJ 08109. At all pertinent times herein, plaintiff was employed by defendants.

2. Defendant Elementar Americas, Inc. ("EAI") is a manufacturer and seller of combustion instruments, maintaining headquarters at 520 Fellowship Road, Suite D408, Mt. Laurel, NJ 08054.

3. EAI is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL, having gross income in excess of $500,000 per year.

4. Plaintiff, in the course of his employment with EAI, routinely interacted with interstate commerce.

5. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

**General Allegations**

6. Plaintiff was employed by defendants from November 2014 through his termination on April 30, 2016.

7. Plaintiff was employed as a "shipper" whose primary job duty was to fill orders placed by customers of EAI and to log shipments received by EAI, using EAI's software.

8. Plaintiff's regular hourly rate was $17.00 per hour.

9. EAI incorrectly classified Plaintiff as a "contractor" or "subcontractor" despite the fact that Plaintiff was an employee within the meaning of the FLSA and NJWHL.

10. Plaintiff worked in EAI's facility, using equipment and supplies provided by EAI, under the supervision, management and day to day direction of EAI supervisors and managers.

11. Plaintiff's position as a shipper is not properly subject of any exemption under the FLSA or NJWHL.

12. During the entirety of his employment, Plaintiff regularly worked more than 40 hours per week.

13. Defendants are in possession of records that will demonstrate the hours actually worked by Plaintiff.

14. Plaintiff estimates that he routinely worked between 50-60 hours each work week.

15. Defendants have failed to pay plaintiffs overtime compensation for any hours worked in excess of 40 hours per week.

## COUNT I

### FLSA Violation

16. Plaintiff hereby repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

18. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

19. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

20. Plaintiff has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

(b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

(c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

(d) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

21. Plaintiff hereby repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

23. Defendants failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

24. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

25. Plaintiffs has suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendants to make plaintiff whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) awarding plaintiff the costs of this action together with reasonable attorneys' fees; and

(d) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**


By: ___/s/ Deborah L. Mains_____
    Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiffs

Dated: August 10, 2016

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains\_\_\_\_\_
       Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains\_\_\_\_\_
       Deborah L. Mains

## DEMAND TO PRESERVE EVIDENCE

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
     Deborah L. Mains